

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Frank W. Martin
District Attorney
Goliad, Texas

Dear Sir:

Opinion No. 0-7137
Re: Pay of Jurors in
felony cases.

We acknowledge receipt of your request for an opinion of this department on the following questions:

"1. Under Art. 1038, is the sheriff authorised to pay for the meals of jurors in felony criminal cases to the extent of $2.00 per day for each juror and be reimbursed by the county?

"2. Under Art. 1039, where a juror in a felony criminal case pays for his own meals, may he be paid not to exceed $2.00 per day from county funds?

"3. Are sums for meals paid for by the county, whether directly or indirectly, in criminal felony cases exclusive of the juror fees allowed by Art. 1056 of $4.00 per day?"

The statutes involved are as follows:

Art. 1038, C. C. P.

"Each county shall be liable for the expenses of food and lodging for jurors impaneled in a felony case, but no script shall be issued or money paid to the jurors whose expenses are so paid."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Art. 1039, C. C. P.

"A juror may pay his own expenses and draw his script; but the court is responsible in the first place for all expenses incurred by the sheriff in providing suitable food and lodging for the jury, not to exceed two dollars a day."

Art. 1042, C. C. P.

"The sheriff shall pay the expenses of jurors impaneled in cases of felony (except when they are paid by the juror himself), the expenses of employing and maintaining a guard, and to support and take care of all prisoners, for all of which, he shall be reimbursed by the proper county according to the rates fixed in the two preceding articles.

Art. 1043, C. C. P.

"At each term of the district court of his county, the sheriff may present to the district judge presiding his accounts for all expenses incurred by him for food and lodging of jurors in case of trials for felony during the term at which his account is presented. Such account shall state the number and style of the cases in which the jurors were impaneled, and specify by name each juror's expenses paid by such sheriff, and the number of days the same were paid, and shall be verified by the affidavit of such sheriff."

Art. 1044, C. C. P.

"Such account shall be carefully examined by the district judge; and he shall approve it, or so much thereof as he finds correct. He shall write his approval of said account, specifying the amount for which it is approved, date and sign the same officially, and shall cause the same to be filed in the office of the district clerk of the county liable therefor."

Art. 1045, C. C. P.

"The district judge shall give the sheriff a draft upon the county treasurer of the proper county for the amount of each account allowed by him; and the same, when presented to such treasurer, shall be paid in like manner as jury certificates are paid."

Art. 1056, C. C. P.

"Each juror in the district or criminal district court, county court or county court at law, except special veniremen and talesmen challenged on their voir dire whose pay is now fixed by law, shall receive Four Dollars ($4) for each day and for each fraction of a day he attends court as such juror, to be paid out of the jury fund of the county. Jurors in justice courts who serve in the trial of criminal cases in such courts shall receive fifty cents (50¢) in each case they sit as jurors, provided that no juror in such court shall receive more than One Dollar ($1) for each day or fraction of a day he may so serve as such juror. Grand Jurors shall each receive Four Dollars ($4) for each day and for each fraction of a day that they may serve as such. The same per diem shall be paid to all persons responding to the process of the court but who are excused by the court from jury service for any cause, after being tested on their voir dire."

The answer to your questions is determined by Article 1038 C. C. P., wherein it provides that the County shall be liable for food and lodging in felony cases but that no script shall be issued or money paid to jurors whose expenses are so paid.

It is our opinion that these statutes are plain and unambiguous. A juror impaneled in a felony case may have the sheriff pay his expenses of food and lodging, not to exceed Two Dollars per day, or he may pay his own expenses of food

Hon. Frank W. Martin, page 4

and lodging. If the juror has the sheriff pay such expenses, he cannot be paid by the County the per diem allowed by Article 1056 or any other amount. If, on the other hand, the juror pays his own expenses he is entitled to receive the per diem allowed by said Article. In no event may a juror have his expenses paid by the sheriff and receive per diem. Nor may a juror who pays his own expenses be reimbursed therefor by the County. Such a juror receives Four Dollars per day and no more.

A sheriff who pays the expenses of a juror may be reimbursed by the County in an amount not exceeding Two Dollars per day, by following the procedure prescribed by Articles 1043, 1044 and 1045.

We believe the foregoing answers all of your questions.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke
Assistant

RHC:rt

APPROVED
OPINION
COMMITTEE
BY BW73
CHAIRMAN